1  Stephen M. Dichter, AZ State Bar No. 004043
   Erin E. Byrnes, AZ State Bar No. 021015
2  HARPER CHRISTIAN DICHTER GRAIF, P.C.
   2700 North Central Avenue, Suite 1200
3  Phoenix, Arizona  85004
   Tel:  (602) 792-1700
4  Fax:  (602) 792-1710
   sdichter@hcdglaw.com
5  ebyrnes@hcdglaw.com

6  *Attorneys for Defendants*

7              **UNITED STATES DISTRICT COURT**

8                  **DISTRICT OF ARIZONA**

9  Sinan Fazlovic,                          Case No.  2:09-cv-01151-PHX-DKD

10                          Plaintiff ,

11          v.

12 Maricopa County, a political subdivision;
   Maricopa County Sheriff's Office; Joseph
13 Arpaio, individually and in his official capacity
   as Sheriff of Maricopa County and Jane Doe
14 Arpaio, husband and wife; David Hendershott,              **ANSWER**
   individually and in his official capacity and
15 Jane Doe Hendershott, husband and wife; Scott
   Freeman, individually and in his official
16 capacity and Jane Doe Freeman, husband and
   wife; Tiffani Shaw, individually and in her
17 official capacity and John Doe Shaw, husband
   and wife; Timothy Overton, individually and
18 in his official capacity and Jane Doe Overton,
   as husband and wife; Mary Ellen Sheppard,
19 individually and in her official capacity and
   John Doe Sheppard, husband and wife,
20
                          Defendants.
21

22      Defendants Maricopa County, Maricopa County Sheriff's Office ("MCSO"),

23 Joseph Arpaio, Jane Doe Arpaio, David Hendershott, Jane Doe Henershott, Scott

24 Freeman, Jane Doe Freeman, Tiffani Shaw, John Doe Shaw, Timothy Overton, Jane Doe

25 Overton, Mary Ellen Sheppard and John Doe Sheppard (herein referred to collectively as

26 "Defendants"), by and through undersigned counsel, for their Answer to Plaintiff's

27 Complaint, admit, deny, and allege as follows:

28

1.    Defendants deny each and every allegation not other admitted or pled to herein.

**INTRODUCTION**

2.    In answering Paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff Sinan Fazlovic has represented to Defendants that he is a devout Muslim. Defendants deny all remaining allegations contained in Paragraph 1.

**JURISDICTION AND VENUE**

3.    In answer Paragraph 2 of Plaintiff's Complaint, Defendants admit same.

4.    In answering Paragraph 3 of Plaintiff's Complaint, Defendants admit only that Plaintiff filed two separate and distinct charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") – EEOC Charge No. 540-2006-04059 and EEOC Charge No. 540-2008-00155.  Defendants deny all remaining allegations contained in Paragraph 3.

5.    In answering Paragraph 4 of Plaintiff's Complaint, Defendants admit that Maricopa County, the Maricopa County Sheriff's Office, Joseph Arpaio, David Hendershott, Scott Freeman, Tiffani Shaw, Timothy Overton, and Mary Ellen Sheppard, by virtue of their own acts and omissions, or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County.  None of the named Defendants' spouses have engaged in any acts or omissions which would be the subject of this lawsuit, and Defendants therefore assume that their spouses, if any, are named simply for the purpose of binding the parties' community, in the event of a finding of any individual liability.

6.    In answering Paragraph 5 of Plaintiff's Complaint, Defendants admit same.

**PARTIES**

7.    In answering Paragraph 6 of Plaintiff's Complaint, Defendants admit that Plaintiff advised them that he was a practicing Muslim; Defendants further admit that, at all times relevant to this action, Plaintiff was a citizen of the United States, and a resident

2

of Maricopa County, State of Arizona.  Defendants also admit that sometime on or about July 19, 2005, and during a period that followed, Plaintiff was employed by the Maricopa County Sheriff's Office as a Detention Officer.  Defendants likewise admit that Plaintiff held the position of Office Assistant Specialized from sometime in December of 2007 until sometime in July of 2008 (dates approximate).  Defendants admit that Plaintiff was an employee of the Maricopa County Sheriff's Office, and that he has standing to bring this lawsuit.  Defendants deny all remaining allegations contained in Paragraph 6.

8.      In answering Paragraph 7 of Plaintiff's Complaint, Defendants admit that Maricopa County is a political subdivision of the State of Arizona, and that the County, MCSO, and Sheriff Arpaio were Plaintiff's "employers," as that term is used in 42 U.S.C. § 2000e(b).  Defendants deny all remaining allegations contained in Paragraph 7.

9.      In answering Paragraph 8 of Plaintiff's Complaint, Defendants admit that MCSO, the County and Sheriff Arpaio were Plaintiff's "employer," as that term is used in 42 U.S.C. § 2000e(b).  Defendants deny the remaining allegations contained in Paragraph 8.

10.     In answering Paragraph 9 of Plaintiff's Complaint, Defendants admit that Defendant Joseph Arpaio is the elected Sheriff of Maricopa County, and that Defendant Arpaio held this position at all times relevant to this case.  Defendants deny all remaining allegations contained in Paragraph 9.

11.     In answering Paragraph 10 of Plaintiff's Complaint, Defendants admit that Maricopa County, MCSO, and Defendant Arpaio were the employers of Plaintiff, as that term is defined in 42. U.S.C. § 2000e(b).  Defendants deny all remaining allegations contained in Paragraph 10.

12.     In answering Paragraph 11 of Plaintiff's Complaint, Defendants admit that Defendant Hendershott, at all times relevant hereto, was employed by MCSO and held the position of "Deputy Chief."  Defendants deny all remaining allegations contained in Paragraph 11.

13.     In answering Paragraph 12 of Plaintiff's Complaint, Defendants admit that

3

Defendant Freeman, at all times relevant hereto, was employed by MCSO and held the position of "Chief."  Defendants deny all remaining allegations contained in Paragraph 12.

14.    In answering Paragraph 13 of Plaintiff's Complaint, Defendants admit that Defendant Shaw, at all times relevant hereto, was employed by MCSO, but note that her job title was "Commander."   Defendants deny all remaining allegations contained in Paragraph 13.

15.    In answering Paragraph 14 of Plaintiff's Complaint, Defendants admit that Defendant Overton, at all times relevant hereto, was employed by MCSO and held the position of "Deputy Chief."   Defendants deny all remaining allegations contained in Paragraph 14.

16.    In answering Paragraph 15 of Plaintiff's Complaint, Defendants admit that Defendant Sheppard, at all times relevant hereto, was employed by MCSO and held the position of "Deputy Chief."   Defendants deny all remaining allegations contained in Paragraph 15.

## **GENERAL ALLEGATIONS**

17.    In answering Paragraph 16 of Plaintiff's Complaint, Defendants admit that Plaintiff was born in Bosnia, that he is a naturalized citizen, and that he informed Defendants that he is a member of the Muslim religion and faith.  Defendants deny all remaining allegations contained in Paragraph 16.

18.    In answering Paragraph 17 of Plaintiff's Complaint, Defendants admit same.

19.    In answering Paragraph 18 of Plaintiff's Complaint, Defendants admit that Plaintiff approached certain MCSO employees regarding MCSO's policy regarding grooming, and specifically facial hair, as it related to the Detention Officer position. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore deny same.

20.    In answering Paragraph 19 of Plaintiff's Complaint, Defendants deny same.

21.    In answering Paragraph 20 of Plaintiff's Complaint, Defendants admit that Plaintiff accepted a position with MCSO as a Detention Officer, and that he began

4

employment in that capacity on or about July 19, 2005.  Plaintiff attended the Detention Officer Academy between approximately July 25, 2005 and September 22, 2005. Defendants deny, however, that Plaintiff accepted employment on the grounds that someone acting or speaking on behalf of the County and/or MCSO, and/or Sheriff Arpaio, represented to Plaintiff that he would be allowed to keep his beard while employed as a Detention Officer for MCSO.

22.    In answering Paragraph 21 of Plaintiff's Complaint, Defendants admit that Plaintiff reported to the Detention Officer Academy on or about July 19, 2005, and had a beard at that time.  Defendants deny all remaining allegations contained in Paragraph 21.

23.    In answering Paragraph 22 of Plaintiff's Complaint, Defendants admit that Plaintiff consulted with Commander Tiffani Shaw on or about July 21, 2005, regarding his request that he be allowed to retain his beard upon completion of the Detention Officer Academy.  Defendants deny all remaining allegations contained in Paragraph 22.

24.    In answering Paragraph 23 of Plaintiff's Complaint, Defendants admit that on or about July 25, 2005, Plaintiff submitted a memorandum to Commander Shaw indicating that it was his contention that he had sought and received approval to continue to wear his beard while employed by MCSO as a Detention Officer.  Defendants further admit that Commander Shaw advised Plaintiff that one of the essential job functions of detention officers was the ability to respond quickly to emergency situations, and included the ability to wear a self-contained breathing apparatus ("SCBA") in the event of fire. Defendants admit that sometime around this same date, Plaintiff offered to submit to a "fit test," and admit that his request was denied, in part, because of the then-relevant state and federal laws pertaining to use of SCBAs.

25.    In answering Paragraph 24 of Plaintiff's Complaint, Defendants deny same.

26.    In answering Paragraph 25 of Plaintiff's Complaint, Defendants admit that on or about August 4, 2005, Commander Shaw met with Plaintiff and told him that his request to retain his beard was denied, and provided a variety of reasons, including, but not limited to, concerns over safety and issues related to the then-applicable laws and

1    regulations.   Commander Shaw issued a memorandum to Plaintiff on this same date,

2    explaining the grounds for the decisions.   Defendants also admit that on or about August

3    24, 2005, Plaintiff filed an internal grievance, seeking permission to wear a full beard as a

4    religious accommodation.   Defendants deny all remaining allegations contained in

5    Paragraph 25 and affirmatively assert that, on August 4, 2005, they advised Plaintiff that

6    they would be more than willing to participate in the accommodation process with him, by

7    investigating reassignment to a position that would allow Plaintiff to retain his beard.

8    Plaintiff did not respond to this offer.

9           27.    In answering Paragraph 26 of Plaintiff's Complaint, Defendants admit that

10   Plaintiff filed several internal grievances regarding his request to retain his beard, amongst

11   other things, while employed by MCSO.   Defendants deny all remaining allegations of

12   Paragraph 26.

13          28.    In answering Paragraph 27 of Plaintiff's Complaint, Defendants deny same.

14          29.    In answering Paragraph 28 of Plaintiff's Complaint, Defendants deny same.

15          30.    In answering Paragraph 29 of Plaintiff's Complaint, Defendants admit that

16   Plaintiff filed another grievance, addressed to Sheriff Arpaio, asking for reconsideration of

17   his request to keep his beard while continuing employment as a Detention Officer.

18   Defendants deny all remaining allegations of Paragraph 29.

19          31.    In answering Paragraph 30 of Plaintiff's Complaint, Defendants admit that

20   on or about September 22, 2005, Plaintiff completed his Academy training, and was

21   assigned to Food Services, as a Detention Officer.   Defendants admit Plaintiff continued to

22   seek accommodation – specifically asking to retain his beard.

23          32.    In answering Paragraph 31 of Plaintiff's Complaint, Defendants admit that a

24   new version of GC-19, MCSO's policy dealing with Dress and Appearance, was adopted

25   on or about September 23, 2005.   Defendants deny all remaining allegations contained in

26   Paragraph 31, and expressly deny that the September 2005 version of GC-19, which

27   superseded an April 30, 1993 version of that same policy, implemented any new standards

28   with regards to detention officers and their ability to wear a beard while employed in that

6

1   capacity.

2       33.     In answering Paragraph 32 of Plaintiff's Complaint, Defendants admit that

3   Defendant Hendershott issued a memorandum to Plaintiff dated January 25, 2006,

4   responding to his grievance regarding religious accommodation.   This memorandum

5   provided Plaintiff with numerous reasons for the decision to disallow him to wear a beard

6   and continue employment as a Detention Officer, including safety concerns for fellow

7   officers and inmates.   Defendant Hendershott again offered Plaintiff the opportunity to

8   seek an alternative position that would accommodate his desire to keep his beard.

9   Defendants deny all remaining allegations of Paragraph 32.    Further, Defendants

10  affirmatively assert that by memorandum dated Feburary 1, 2006, Defendant Shaw

11  followed up with Plaintiff regarding a desire he had expressed to explore other positions

12  within MCSO, and provided Plaintiff with a number of job postings related to open

13  positions.  Plaintiff did not respond by expressing a desire to pursue any of the openings at

14  that time.

15      34.     In answering Paragraph 33 of Plaintiff's Complaint, Defendants admit that,

16  at some point during the course of his employment with MCSO, Plaintiff sought a transfer

17  to allow him to transport prisoners.  Defendants deny all remaining allegations contained

18  in Paragraph 33.

19      35.     In answering Paragraph 34 of Plaintiff's Complaint, Defendants deny same.

20      36.     In answering Paragraph 35 of Plaintiff's Complaint, Defendants admit that,

21  at some point during the course of his employment with MCSO, Plaintiff likewise sought

22  a transfer to work in Jail Intel.  Defendants deny all remaining allegations contained in

23  Paragraph 35.

24      37.     In answering Paragraph 36 of Plaintiff's Complaint, Defendants deny same.

25      38.     In answering Paragraph 37 of Plaintiff's Complaint, Defendants admit that

26  on or about January 20, 2007, Defendant Shaw temporarily assigned Plaintiff to SIMS,

27  and advised him that because he would not be involved with detention duties during his

28  temporary assignment, he would be temporarily exempted from the requirements of GC-

7

1  19's grooming/facial hair requirements for detention officers.   Defendants deny all

2  remaining allegations contained in Paragraph 37.

3        39.     In answering Paragraph 38 of Plaintiff's Complaint, Defendants admit that

4  on or about February 2, 2007, Plaintiff requested permanent reassignment to SIMS with

5  the same conditions as were applicable during his temporary assignment, including the

6  same rate of pay and a permanent exemption from GC-19's facial hair requirements.

7  Defendants deny all remaining allegations contained in Paragraph 38.

8        40.     In answering Paragraph 39 of Plaintiff's Complaint, Defendants admit that

9  on or about April 2, 2007, Deputy Chief Sheppard issued a memorandum to Plaintiff again

10  advising Plaintiff that MCSO could not allow him to keep his beard and serve as a

11  Detention Officer because doing so would pose a safety risk.   Defendant Sheppard also

12  reiterated that any officer wearing a beard would not be capable of safely or properly

13  wearing an SCBA in an emergency, due to the facial hair preventing a seal between that

14  officer's face and the face mask portion of the SCBA.   She likewise advised Plaintiff that

15  MCSO had investigated the possible use of other types of SCBAs, but noted that no

16  alternatives were currently available, given the unique requirements and considerations

17  posed by a jail environment.   Defendants further admit that Defendant Sheppard again

18  provided Plaintiff with the option of seeking a transfer, and that she identified alternative

19  positions that were available.   Defendants deny all remaining allegations contained in

20  Paragraph 39.

21        41.     In answering Paragraph 40 of Plaintiff's Complaint, Defendants admit that

22  Plaintiff filed another grievance on or about April 9, 2008, and therein again asked for a

23  transfer to Tent City or for a permanent assignment to SIMS, with the same conditions as

24  were applicable to his temporary assignment there (i.e. same rate of pay, and exemption

25  from GC-19's facial hair requirements).   Defendants admit that Deputy Chief Sheppard

26  again issued a memorandum to Plaintiff, dated April 11, 2007, denying these requests, and

27  again similar reasons for doing so as she had previously identified in her April 2, 2007

28  memorandum.   Defendants deny all remaining allegations contained in Paragraph 40.

42.     In answering Paragraph 41 of Plaintiff's Complaint, Defendants admit Plaintiff filed a grievance form on or about April 23, 2007, and that Defendant Hendershott responded in a memorandum, with reasons for the decision, on April 26, 2007.  Defendants deny all remaining allegations contained in Paragraph 41.

43.     In answering Paragraph 42 of Plaintiff's Complaint, Defendants admit that Plaintiff filed his first charge of discrimination on or about September 7, 2006, alleging religious discrimination.   Defendants deny all remaining allegations contained in Paragraph 43.

44.     In answering Paragraph 43 of Plaintiff's Complaint, Defendants admit that on or about October 1, 2007, Defendant Freeman issued a memorandum to Plaintiff advising him that his assignment to SIMS had been temporary, intended to provide MCSO time to investigate his grievances and administrative complaints.  Defendants admit that Plaintiff was again provided the reasons why he could not be a Detention Officer and still have a beard, and affirmatively assert that Plaintiff was again offered the opportunity to seek a transfer to another position that would allow a beard.  Defendants deny all remaining allegations contained in Paragraph 43.

45.     In answering Paragraph 44 of Plaintiff's Complaint, Defendants deny same.

46.     In answering Paragraph 45 of Plaintiff's Complaint, Defendants admit that on or about October 3, 2007, Plaintiff voluntarily elected to accept a position as an Office Assistant Specialized at the Lower Buckeye Facility and affirmatively assert that he so chose after being given a choice of positions, including a choice between positions offering first or second shift hours.  Defendants deny all remaining allegations contained in Paragraph 45.

47.     In answering Paragraph 46 of Plaintiff's Complaint, Defendants admit that on or about October 11, 2007 Plaintiff filed a new charge with the EEOC, alleging religious discrimination and retaliation.   Defendants also admit that Plaintiff filed a grievance aimed at Commander Shaw.   Defendants deny all remaining allegations contained in Paragraph 46.

9

48.     In answering Paragraph 47 of Plaintiff's Complaint, Defendants admit that on or about November 29, 2007, Defendant Freeman issued a memorandum to Plaintiff offering him the Office Assistant Specialized position with Fleet Management, per Plaintiff's request.   Plaintiff was also advised he could instead take an open SIMS position, but that in either event, he needed to decide by December 3, 2007.  Defendants deny all remaining allegations contained in this Paragraph.

49.     In answering Paragraph 48 of Plaintiff's Complaint, Defendants admit that Plaintiff applied for a position as Inmate Classification Specialist.  Defendants deny all remaining allegations contained in Paragraph 48.

50.     In answering Paragraph 49 of Plaintiff's Complaint, Defendants deny same. Further, Defendants affirmatively assert that Plaintiff voluntarily resigned.

51.     In answering Paragraph 50 of Plaintiff's Complaint, Defendants deny same.

## COUNT I

### FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION
### (VIOLATION OF FREE EXERCISE OF RELIGION – 42 U.S.C. § 1983)

52.     In answering Paragraph 51 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 50, as though fully set forth herein.

53.     In answering Paragraphs 52 through 56 of Plaintiff's Complaint, Defendants deny same.

## COUNT II

### FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (VIOLATION OF DUE PROCESS – 42 U.S.C. § 1983)

54.     In answering Paragraph 57 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 56, as though fully set forth herein.

55.     In answering Paragraph 58 of Plaintiff's Complaint, Defendants deny same.

56.     In answering Paragraph 59 of Plaintiff's Complaint, Defendants admit that the County and MCSO had certain policies and procedures in place, including, but not limited to, a grievance procedure, a non-discrimination policy related to religious freedom, and other policies intended to ensure that no County or MCSO employee would violate

10

federal law.  Defendants deny the remaining allegations contained in Paragraph 59.

57.    In answering Paragraphs 60 through 62 of Plaintiff's Complaint, Defendants deny same.

**COUNT III**

**ARTICLE 20, PARAGRAPH 1 ARIZONA STATE CONSTITUTION
(VIOLATION OF THE RIGHT OF FREE EXERCISE OF RELIGION)**

58.    In answering Paragraph 63 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 62, as though fully set forth herein.

59.    In answering Paragraph 64 of Plaintiff's Complaint, Defendants indicate that the Arizona Constitution speaks for itself.  This Paragraph requires no response from these Defendants, and none is given.

60.    In answering Paragraphs 65 through 67 of Plaintiff's Complaint, Defendants deny same.

**COUNT IV**

**TITLE VII – RELIGIOUS DISCRIMINATION**

61.    In answering Paragraph 68 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 67, as though fully set forth herein.

62.    In answering Paragraphs 69 and 70 of Plaintiff's Complaint, Defendants indicate that Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-2(a)(2), speaks for itself.  These Paragraphs require no response from these Defendants, and none is given.

63.    In answering Paragraphs 71 and 72 of Plaintiff's Complaint, Defendants deny same.

**COUNT V**

**TITLE VII – RETALIATION**

64.    In answering Paragraph 73 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 72, as though fully set forth herein.

65.    In answering Paragraph 74 of Plaintiff's Complaint, Defendants indicate

11

that Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000e-3, speaks for itself.  This Paragraph requires no response from these Defendants, and none is given.

66.    In answering Paragraphs 75 and 76 of Plaintiff's Complaint, Defendants deny same.

## COUNT VI

## ARIZONA FREE EXERCISE OF RELIGION ACT

67.    In answering Paragraph 77 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 76, as though fully set forth herein.

68.    In answering Paragraph 78 of Plaintiff's Complaint, Defendants indicate that the Arizona Free Exercise of Religion Act, A.R.S. § 41-1493.01, speaks for itself. This Paragraph requires no response from these Defendants, and none is given.

69.    In answering Paragraphs 79 and 80 of Plaintiff's Complaint, Defendants deny same.

## AFFIRMATIVE DEFENSES

70.    As and for their affirmative defenses, and in the alternative, Defendants assert the following:

A.    Plaintiff failed to timely and properly exhaust all administrative requirements and remedies for his claims, including, but not limited to, those set forth in Title VII of the Civil Rights Act of 1964, A.R.S. § 12-821.01(A), and all other available and required administrative remedies, all of which serve to bar Plaintiff's Complaint;

B.    Plaintiff's Complaint is barred by the applicable statutes of limitation;

C.    Plaintiff's Complaint fails to state a claim upon which relief can be given;

D.    Defendants Arpaio, Hendershott, Freeman, Shaw, Overton, and Sheppard are all entitled to qualified immunity;

E.    Defendants exercised reasonable care to prevent any discrimination

1    against Plaintiff;

2    F.    The Maricopa County Sheriff's Office is a non-jural entity;

3    G.    Defendants initiated and engaged in good faith efforts to

4          accommodate Plaintiff's religious beliefs and practices;

5    H.    Providing the requested accommodation would have resulted in an

6          undue hardship to Defendants' business;

7    I.    Defendants exercised reasonable care to prevent and/or correct any

8          alleged harassment on the basis of religion; Plaintiff unreasonably

9          failed to take advantage of the protective and/or corrective

10         opportunities provided to him by Defendants; and

11   J.    Providing Plaintiff the requested accommodation would have

12         required Defendants to violate the Establishment Clause of the

13         United States Constitution.

14         WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request

15   that this matter be dismissed, that they be awarded their costs incurred herein, pursuant to

16   42 U.S.C. §§ 1988(b) and 2000e-5, and any other applicable statutes, and for such other

17   and further relief as this Court deems just and proper.   As to all triable matters,

18   Defendants request a trial by jury.

19

20         DATED this 22nd day of July, 2009.

21                                     HARPER CHRISTIAN DICHTER GRAIF, P.C.

22

23                                     By /s/Erin E. Byrnes _____
                                          Stephen M. Dichter
24                                        Erin E. Byrnes
                                          2700 North Central Avenue, Suite 1200
25                                        Phoenix, Arizona  85004
                                          *Attorneys for Defendants*

26

27

28

                                         13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 22, 2009, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

Susan Martin
Daniel Bonnett
Jennifer Kroll
Theresa L. Seifert
Martin & Bonnett, PLLC
1850 N. Central Avenue, Suite 2010
Phoenix, AZ  85004

Daniel Pochoda
ACLU Foundation of Arizona
77 East Columbus
Phoenix, AZ  85011-0148

/s/Amanda Ferguson

14