IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sinan Fazlovic,<br><br>        Plaintiff<br><br>vs.<br><br>Maricopa County, et al.,<br><br>        Defendants. | No.  CIV 09-1151-PHX-DKD<br><br>**ORDER** |

Pursuant to its consideration of Plaintiff's Motion to Compel (Doc. 110), the Court reviewed *in camera* the documents at issue which are itemized on the Defendants' March 21, 2011, 12-page (noting no entries on page 11) Privilege Log.  In general, Plaintiff's Motion contends that Defendants have waived any applicable attorney-client privilege or work product immunity because Defendants relied on legal advice when considering Plaintiff's request for an exemption from a rule requiring that he be clean shaven.

The Court first observes that many of the documents on the Privilege Log are not subject to any attorney-client privilege or work product immunity.  Often, it appears that Defendants are seeking such protection for documents which are the work product of Tiffani Shaw of the Maricopa County Sheriff's Office Compliance Division.  Ms. Shaw was the commander of that division "which oversees MCSO employee compliance with personnel policies and procedures." ¶¶ 2-3, Exhibit 13 to Defendants' Response to Plaintiff's First Motion to Compel (Doc. 125). It is evident that Ms. Shaw's activities were not limited to work performed at the direction of an attorney.  Many of the tasks she performed, as evidenced by the documents the Court

1 reviewed, were general employee management activities not subject to protection. Also, much
2 of the information contained within these documents are facts which are not cloaked by any
3 privilege or immunity. A fact reported in a document is not protected simply because an
4 attorney or an attorney's direction may be involved in the fact-finding activity. *Upjohn Co. v.*
5 *United States*, 449 U.S. 383, 395 (1981) (No privilege or immunity applies to prevent
6 "disclosure of the underlying facts by those who communicated with the attorney."). This is
7 especially true where as here Ms. Shaw maintains a role in employment decision making in
8 which she was apparently involved in day-to-day employment decision making wholly apart
9 from any threat of litigation. If the documents have a dual purpose – both for the purpose of
10 making a business decision and for obtaining legal advice – courts should decline to protect
11 documents that would have been prepared absent the involvement of an attorney. The Court's
12 review here finds that the documents prepared in response to this employee's request would
13 necessarily have been prepared in the employment context notwithstanding whether an attorney
14 or the threat of litigation was involved. See *Visa U.S.A., Inc. v. First Data Corp.*, 2004 WL
15 1878209 (N.D.Cal. August 23, 2004).

16 In addition, the Court's review of the documents found no basis for the assertion of the
17 deliberative process privilege. With respect to the asserted statutory privileges, these privileges
18 may not be at issue in light of the Court's decisions below.

19 With respect to those documents found to be protected from disclosure, the Court must
20 turn to Plaintiff's waiver argument. Plaintiff maintains that Defendants' assertion of affirmative
21 defenses of qualified immunity and good faith consideration of the employee's request constitute
22 a waiver of the attorney-client privilege and work product immunity. Defendants disagree that
23 they have placed advice of counsel at issue and contend that there is no authority finding a
24 waiver upon assertion of the defenses made here. Plaintiff's authority does not include
25 controlling authority from the Ninth Circuit or Supreme Court.

26 The Court does not find *State Farm Mut. Auto. Ins. v. Lee*, 199 Ariz. 52 (2000),
27 singularly dispositive because of the unique context of insurance bad faith litigation and the

28

- 2 -

1  express reliance on advice of counsel in that case. And although the analysis in *Walker v.*
2  *County of Contra Costa*, 227 F.R.D. 529 (N.D.Cal. 2005), is reasonable, Judge Larson's
3  decision was informed by California authority which cautioned judges "not to issue blanket
4  nullifications of the privilege but [to] make findings on a document-by-document basis." *Id.*
5  at 533. The Court has reviewed each document, and after rejecting the application of the
6  privilege or immunity to many of the documents at issue, the Court does not find that it offends
7  a sense of fairness to withhold from production the identified documents below given that
8  Defendants have not plainly advanced advice of counsel as a defense and that there is no Circuit
9  or Supreme Court authority which mandates the finding of waiver in this case.

10  In conclusion, after the Court's *in camera* review of the documents, Court is disinclined
11  to extend Plaintiff's waiver argument beyond the current reach of Circuit authority. The strict
12  application of the attorney-client privilege and work product immunity does not here allow
13  Defendants to use these doctrines as both sword and shield. The ruling provides for a fair
14  presentation of the evidence while protecting the values of the attorney-client privilege and
15  work product doctrine.

16  Accordingly, **IT IS ORDERED** as follows:

| | |
|---|---|
| MCSO 2060-2083 | Redactions Affirmed. |
| MCSO 2094 | Attorney-Client Privileged ("ACP"). |
| MCSO 2099 | ACP. |
| MCSO 2139 | No ACP communication. |
| MCSO 2171 | ACP. |
| MCSO 2177-79 | ACP. |
| MCSO 2180-81 | Not Attorney Work Product ("AWP"). Reporting of facts is not protected. |
| MCSO 2182-84 | ACP. |
| MCSO 2185-87 | Not ACP; fact reporting. No other privilege applies. |
| MCSO 2189-95 | Not AWP. |

- 3 -

| | | |
|---|---|---|
| 1 | MCSO 2197-99 | 2197-98: ACP. Produce 2199; not AWP, fact reporting. |
| 2 | MCSO 2211-12 | ACP. |
| 3 | MCSO 2216 | ACP. |
| 4 | MCSO 2217 | ACP. |
| 5 | MCSO 2218 | Not ACP (Note: It does appear that the "redacted" version differs from the withheld version.) |
| 6 | MCSO 2219 | Not ACP; fact reporting. |
| 7 | MCSO 2230 | Not ACP; fact reporting. |
| 8 | MCSO 2241 | ACP. |
| 9 | MCSO 2259 | Not AWP. No other privilege applies. |
| 10 | MCSO 2262 | Not ACP or AWP except last four hand-written lines may be redacted (i.e. redaction may commence with "check w/ Clarisse" and conclude with "9/13") |
| 11 | MCSO 2265-66 | ACP. |
| 12 | MCSO 2271 | ACP. |
| 13 | MCSO 2277-83 | ACP. |
| 14 | MCSO 2294-95 | Not ACP/AWP; fact reporting. |
| 15 | MCSO 2298-2301 | Not ACP/AWP; communication regarding implementation of employment decision. |
| 16 | MCSO 2396-2404 | ACP. |
| 17 | MCSO 2406 | Not ACP/AWP. |
| 18 | MCSO 2427 | Not AWP. |
| 19 | MCSO 2496-98 | 2496: ACP. Produce 2497-98. |
| 20 | MCSO 2499 | Not ACP. |
| 21 | MCSO 2502 | Not ACP; fact reporting. |
| 22 | MCSO 2530-31 | ACP. |
| 23 | MCSO 2533 | Not ACP; fact reporting. |
| 24 | MCSO 2552-53 | ACP. |
| 25 | MCSO 2554 | Not ACP/AWP; fact reporting. |

- 4 -

| | | |
|---|---|---|
| 1 | MCSO 2558 | Not AWP; no other privilege applies. |
| 2 | MCSO 2692 | Not AWP; no other privilege applies. |
| 3 | MCSO 2693 | Not AWP; no other privilege applies. |
| 4 | MCSO 2731-32 | ACP. |
| 5 | MCSO 2793 | ACP. |
| 6 | MCSO 2796 | ACP. |
| 7 | MCSO 2800 | Not ACP; fact reporting. |
| 8 | MCSO 2811 | ACP. |
| 9 | MCSO 2806 | ACP. |
| 10 | MCSO 2808-09 | ACP. |
| 11 | MCSO 2811 | ACP (Note: listed on privilege log twice). |
| 12 | MCSO 2815 | ACP. |
| 13 | MCSO 2820 | Not AWP; fact reporting. |
| 14 | MCSO 2826 | ACP. |
| 15 | MCSO 2967-69 | Not AWP. |
| 16 | MCSO 3012 | ACP. |
| 17 | MCSO 3018-20 | ACP |
| 18 | MCSO 3021-22 | Not AWP; fact reporting. |
| 19 | MCSO 3023-25 | ACP. |
| 20 | MCSO 3026 | Not ACP. |
| 21 | MCSO 3028 | Not ACP (Note: Document is an email from Tiffani Shaw to Mike Olson which does not match privilege log description.) |
| 22 | MCSO 3075-76 | Not ACP, AWP; fact reporting. |
| 23-24 | MCSO 3077 | Not AWP; communication regarding implementation of employment decision. |
| 25 | MCSO 3078-79 | Not ACP, AWP, fact reporting. |
| 26-27 | MCSO 3161 | Not ACP, AWP. Previous privilege log description of this same document (MCSO 2406) makes no mention of these notes as being from a meeting with Clarisse McCormick. The Court therefore |

- 5 -

|   |   |
|---|---|
|   | finds that Defendants have not satisfied the elements necessary to preclude production. |
| MCSO 3317-24 | Not AWP; fact reporting. |
| MCSO 3354 | Redaction Affirmed. |
| MCSO 3358-65 | Not AWP; fact reporting. No other privilege applies. |
| MCSO 3366 | Not AWP; fact reporting. No other privilege applies. |
| MCSO 3367 | Not AWP. |
| MCSO 3368 | ACP. |
| MCSO 3370 | Draft is ACP, but final version must be produced. |
| MCSO 3371-81 | Draft is not AWP. No attorney involvement or action of attorney agent operating predominantly as the agent of the attorney; fact reporting. |
| MCSO 3383 | ACP. |
| MCSO 3384 | Not ACP; fact reporting. |
| MCSO 3385 | ACP. |
| MCSO 3581 | Not AWP. No attorney involvement or action of attorney agent operating predominantly as the agent of the attorney. |
| MCSO 4084 | Redaction Affirmed; No apparent relevance. |
| MCSO 5763-65 | Redaction Affirmed. |
| MCSO 5775 | Redaction Affirmed. |
| MCSO 5777-78 | Not AWP (Privilege log description notes "Handwritten notes" but no handwritten notes appear on these pages.) |
| MCSO 5780 | ACP. |
| MCSO 5785-86 | Not AWP; no foundation presented for AWP. |
| MCSO 5787 | ACP. |
| MCSO 5805-06 | Not AWP. |
| MCSO 5811 | Not AWP; fact reporting. |
| MCSO 5813 | ACP. |
| MCSO 5814 | ACP. |

| | | |
|---|---|---|
| 1 | MCSO 5819-21 | Not AWP; fact reporting. |
| 2 | MCSO 5832-34 | Not AWP; fact reporting. |
| 3 | MCSO 5838 | Not AWP; fact reporting. |
| 4 | MCSO 5877 | Not AWP; fact reporting. |
| 5 | MCSO 5882 | Not AWP; fact reporting. |
| 6 | MCSO 5885-88 | Not AWP; fact reporting. |
| 7 | MCSO 5891 | Not AWP; fact reporting. |
| 8 | MCSO 5895 | Not AWP; fact reporting. |
| 9 | MCSO 5910-11 | Not AWP; fact reporting. |
| 10 | MCSO 5912 | Not AWP; fact reporting. |
| 11 | MCSO 5914 | Not AWP; fact reporting |
| 12 | MCSO 5923-28 | Redaction Affirmed in light of questionable relevance without prejudice to Plaintiff submitting justification for production. |
| 13 | MCSO 5939-41 | Not AWP, fact reporting. |
| 14 | MCSO 5951 | Not AWP, fact reporting. |
| 15 | MCSO 5954 | ACP. |

DATED this 13th day of June, 2011.

_____
David K. Duncan
United States Magistrate Judge

- 7 -