1   Erin E. Byrnes (#021015)
    **BERKE LAW FIRM, PLLC**
2   1601 North 7th Street, Suite 360
    Phoenix, Arizona 85006
3   Phone: (602) 254-8800
    Facsimile: (602) 254-8808
4   Email: erin@berkelawfirm.com

5   *Attorneys for Defendants*

6

                    **UNITED STATES DISTRICT COURT**
7
                         **DISTRICT OF ARIZONA**
8

9   Sinan Fazlovic,                      | Case No. 2:09-cv-01151-PHX-DKD

10                          Plaintiff,

11          v.

12  Maricopa County, a political subdivision;          **DEFENDANTS' REPLY IN**
    Maricopa County Sheriff's Office; Joseph           **SUPPORT OF THEIR MOTION TO**
13  Arpaio, individually and in his official capacity        **STRIKE**
    as Sheriff of Maricopa County and Jane Doe
14  Arpaio, husband and wife; David Hendershott,
    individually and in his official capacity and
15  Jane Doe Hendershott, husband and wife; Scott
    Freeman, individually and in his official
16  capacity and Jane Doe Freeman, husband and
    wife; Tiffani Shaw, individually and in her
17  official capacity and John Doe Shaw, husband
    and wife; Timothy Overton, individually and
18  in his official capacity and Jane Doe Overton,
    as husband and wife; Mary Ellen Sheppard,
19  individually and in her official capacity and
    John Doe Sheppard, husband and wife,
20
                          Defendants.

21          Defendants submit this reply in support of their Motion to Strike Plaintiff's Motion

22  to Strike, Reply [sic] to Defendants' Controverting Statement of Facts and Response to

23  Defendants' Additional Statement of Facts in Support of Opposition to Plaintiff's Motion

24  for Partial Summary Judgment (Dkt. #219) and urge the Court to strike Plaintiff's

25  pleading in its entirety as violating Local Rules of Civil Procedure 7.2(m) and 56.1(b).

26  According to those Rules, Plaintiff was required to raise issues regarding the admissibility

27  of Defendants' evidence submitted in opposition to Plaintiff's Motion for Partial

28

1   Summary Judgment in their reply memorandum in support of their original motion.

2   Further, Plaintiff was not authorized to file a separate reply document, aside from the

3   reply memoranda on the summary judgment motion itself, dedicated to responding to

4   Defendants' additional facts in support of their opposition to Plaintiff's summary

5   judgment motion.  Accordingly, the Court should grant Defendants' Motion to Strike and

6   disregard the contents thereof as it decides the pending cross-motions for summary

7   judgment before it.

8         Local Rule 7.2(m) limits the filing of separate motions to strike and subpart (2) of

9   that Rule specifically provides:

10
      An objection to (and any argument regarding) the admissibility of evidence
offered in support of or opposition to a motion must be presented in the
11
objecting party's responsive or reply memorandum and not in a separate
motion to strike or other separate filing.  If the underlying motion is a
12
motion for summary judgment, an objection may be included in a party's
response to another party's separate statement of material facts in lieu of (or
13
in addition to) including it in the party's responsive memorandum, but any
objection in the party's response to the separate statement of material facts
14
must be stated summarily without argument.  Any response to an objection
must be included in the responding party's reply memorandum for the
15
underlying motion and may not be presented in a separate responsive
memorandum.

16   LR CIV. 7.2(m)(2) (2011).  The contents of 7.2(m)(2) must be read together, as a whole.

17

18   The Rule specifically addresses challenges to admissibility of evidence on summary

19   judgment pleadings and, in so doing, first discusses how a non-movant must respond to

20   the movant's separate statement of facts, requiring that objections be contained either in

21   the response to the statement of fact, without argument, or in the responsive memoranda.

22   That sentence must be read in harmony with the last sentence of this subpart, which

23   addresses responses to objections.  The Rule requires such objections to be contained in

24   the reply memorandum, not in a separate responsive memorandum.

25         The language of Rule 7.2(m)(2) is thus clear.  Objections to admissibility of a

26   movant's separate statement of facts can be made in the controverting statement of facts

27   required under Local Rule 56.1(b), or in the response to the motion for summary judgment

28   itself.  It is significant that the Rule talks about addressing objections to the admissibility

2

of evidence in the first instance using terms applicable only to the responding party's obligations – hence the use of the words "response to another party's separate statement of material facts," not "controverting statement of facts," and "responsive memorandum," and not "reply memorandum."  LR Civ. 7.2(M)(2).  The Rule then goes on to specifically address issues the movant may wish to address in responding to objections a non-movant asserts to evidence, noting that responses to objections must be contained in the "responding party's reply memorandum for the underlying motion," as opposed to "a separate responsive pleading."  *Id.*

This subpart of the Rule never contemplates the filing of a motion to strike to challenge the non-movant's additional statements of fact in support of arguments submitted in opposition to the underlying summary judgment motion.  *See EEOC v. AutoZone, Inc.*, 2008 WL 2509302, at *1 (D. Ariz. June 18, 2008) (citations omitted) (a party's objections and/or replies to arguments and/or facts made in either a response to a motion for summary judgment, or the statement of facts in support of that response, "must be included in the responding party's reply memorandum for the underlying motion").  Though not authorized by Local Rule 7.2(m), Plaintiff has nevertheless filed a separate document challenging the admissibility of certain portion of Defendants' evidence offered in opposition to Plaintiff's Motion for Partial Summary Judgment.  (*See* Dkt. #219 at 2-6).  Because these challenges were to be brought only as part of Plaintiff's Reply, rather than in a separate pleading, the Court should grant Defendants' Motion to Strike.

It is important that Local Rule 7.1(m)(2) be read in conjunction with Local Rule 56.1(b), which establishes specific requirements for summary judgment motions.  Clause (a) requires a party filing a motion for summary judgment to file a separate document containing its statements of fact in support of the motion.  Clause (b) provides that the party opposing the underlying summary judgment motion must file a controverting statement of facts in which that party first indicates whether the party disputes any statement of fact asserted by the moving party and, second, provides any additional facts establishing a genuine issue of fact.  Rule 56.1 does not have a third subpart authorizing

the movant to file a "reply" statement of facts in which the movant objects to the admissibility of the non-movant's statement of facts or replies to the non-movant's additional facts asserted in support of its opposition to the underlying motion. *EEOC v. TIN, Inc.*, 2008 WL 2323913, at *1 (D. Ariz. June 2, 2008), *rev'd on other grounds*, 3449 Fed. App'x 190 (9th Cir. 2009) (holding the movant's response to non-movant's "opposing statement of facts . . ., separate from its reply memorandum, [is] not authorized by the federal and local court rules, and therefore [non-movant]'s motion to strike is proper").

Plaintiff cites no authority in support of his effort to improperly file a document responding to Defendants' additional statement of facts asserted in opposing Plaintiff's Motion for Partial Summary Judgment. He likely has not done so because the filing of such a separate document is in obvious violation of the Rules.[1] In fact, Local Rule 56.1 contemplates only the filing of a reply memorandum in support of any summary judgment motion and nothing more. LR CIV. 56.1; *see also B2B CFO Partners, LLC v. Kaufman*, 2012 WL 707076, at *2 (D. Ariz. Mar. 5, 2012) ("Local Rule 56.1 does not provide for a reply statement of facts or a response to the non-moving party's separate statement of facts.").

Plaintiff complains that he could not possibly be expected to respond to each of Defendants' additional statements of fact and still respond to the factual[2] and legal arguments. This contention is at odds with Plaintiff's obligation with regards to proving no genuine issue of fact exists with regards to his request for partial summary judgment. Plaintiff's Motion to Strike is also at odds with his burden to demonstrate a lack of any genuine issue of fact and that there was no need for the trier of fact to weigh conflicting

---

[1] In fact, Plaintiff claims that the Rules "do not expressly address the procedure for responding to additional statement of facts." That is because Plaintiff is authorized to respond to such facts, if at all, in his reply memorandum. But again, doing so is inconsistent with the overarching burden Plaintiff bears with respect to establishing he is entitled to partial summary judgment in the first place.

[2] Plaintiff indicates in his opposition to Defendants' Motion to Strike that he could not respond to both "factual and legal" arguments raised by Defendants in opposing his summary judgment motion in his reply memorandum. It is unclear how many opportunities Plaintiff believes he gets to respond to facts asserted in opposition to his request for partial summary judgment.

evidence, assuming Defendants' evidence to be true.  *TIN*, 2008 WL 2323913, at *1 (acknowledging movant's burden to "show no genuine issue of material fact exists and that there is no need for a trier of fact to weigh conflicting evidence, assuming the nonmoving party's evidence to be true).

Plaintiff also bemoans the fact that Defendants submitted 269 paragraphs of additional fact in opposing Plaintiff's partial motion for summary judgment, "many of which were never previously disclosed to Plaintiff during discovery."  (Dkt. #229 at 2). The truth of this contention is seriously undercut by the fact that in response to 176 of said paragraphs, Plaintiff objected claiming they were "[t]he same or substantially similar" to paragraphs asserted by Defendants in support of their own motion for summary judgment.

Furthermore, the "Reply" to Defendants' Controverting and Additional Statement of Facts is inconsistent with the unitary brief policy at Rule 7.2(m)(2)'s core.  As this Court has recognized, the limitations on separate motions to strike is intended to require parties to include objections to evidence and the proprietary of documents in single documents.  *Pruett v. Arizona*, 606 F.Supp.2d 1065, 1074 (D.Ariz. 2009).  In keeping with that purpose, this Court has also stated that a motion to strike is not to be used to multiple page limits on motions. *Pruett*, 606 F.Supp.2d at 1074.  Plaintiff tacitly admits in the face of Defendants' Motion to Strike that one of the purposes motivating his filing of his own Motion to Strike and Reply to Defendants' Controverting Statement of Facts was the page limits and his feeling that he could not adequately respond to Defendants' factual and legal contentions within the existing limits.  He should not be allowed to run afoul of those limitations – this is especially true where, as here, Defendants stayed within the limits in pursuing summary judgment.

Finally, Defendants would like to address Plaintiff's remark that Defendants have failed to respond to the substantive arguments he made in his Motion to Strike. Defendants believe Plaintiff's Motion to Strike to be an unauthorized filing that violates two Local Rules, which is why they filed a motion to strike.  Though they have valid and meritorious substantive arguments to make in response to Plaintiff's motion, Defendants

1   were concerned that if they did so, they would give Plaintiff's Motion to Strike legs in the

2   Court's eyes, potentially giving the Court grounds to consider the merits of the motion

3   though it is inappropriate, procedurally.  Consequently, Defendants reiterate their request

4   that if the Court will not grant the instant motion and is inclined to consider the substance

5   of Plaintiff's Motion to Strike, Defendants be given the opportunity to substantively

6   respond to it first.

7   　　　　Based on the foregoing, Defendants ask the Court to grant their Motion to Strike,

8   and strike the entirety of Plaintiff's Motion to Strike (Dkt. #219).

9   　　　　RESPECTFULLY SUBMITTED this 31st day of May, 2012.

10  　　　　　　　　　　　　　　　　　BERKE LAW FIRM, PLLC

11

12  　　　　　　　　　　　　　　　By  /s/Erin E. Byrnes　　　　　　　　　
                                    Erin E. Byrnes
13                                  1601 North 7th Street, Suite 360
                                    Phoenix, Arizona  85006
14                                  *Attorneys for Defendants*

15

16  **CERTIFICATE OF SERVICE**

17  I hereby certify that on May 31, 2012, I electronically transmitted the foregoing document
    to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of
18  Electronic filing to the following CM/ECF registrants:

19  Daniel L. Bonnett
    Mark A. Bracken
20  Martin & Bonnett, PLLC
    1850 N. Central Avenue, Suite 2010
21  Phoenix, Arizona  85004
    *Attorneys for Plaintiff*
22
    Daniel Pochoda
23  James Duff Lyall
    ACLU Foundation of Arizona
24  3703 North 7th Street, Suite 235
    Phoenix, Arizona  85014
25  *Attorneys for Plaintiff*

26

27  /s/Erin E. Byrnes　　　

28