Stephen D. Ball (SBA 021663)
Legal Division
The Industrial Commission of Arizona
800 West Washington, Suite 303
Phoenix, Arizona 85007
Telephone: (602) 542-5781
Facsimile: (602) 542-6783
sball@ica.state.az.us

Attorney for Arizona Department of
Occupational Safety & Health

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sinan Fazlovic, | ) No. CIV-09-1151-PHX-DKD |
| Plaintiff, | ) |
| vs. | ) **MOTION TO QUASH AND/OR** |
|  | ) **MODIFY SUBPOENA OF** |
|  | ) **DARIN PERKINS** |
| Maricopa County, a political subdivision; Maricopa County Sheriff's Office; Joseph Arpaio, individually and in his official capacity as Sheriff of Maricopa County and Jane Doe Arpaio, husband and wife; David Hendershott, individually and in his official capacity and Jane Doe Hendershott, husband and wife; Scott Freeman, individually and in his official capacity and Jane Doe Freeman, husband and wife; Tiffani Shaw, individually and in her official capacity and John Doe Shaw, husband and wife; Timothy Overton, individually and in his official capacity and Jane Doe Overton, as husband and wife; Mary Ellen Sheppard, individually and in her official capacity, and John Doe Sheppard, husband and wife; | ) |
| Defendants. | ) |

Come now, undersigned counsel, on behalf of Non-Party Arizona Department of Occupational Safety and Health ("ADOSH") and its Director, Darin Perkins, hereby moves to quash and/or modify the subpoena issued compelling Mr. Perkins appearance at the trial set in this matter scheduled to begin September 18, 2012. This motion is supported by the following Memorandum of Points and Authorities.

I. **MEMORANDUM OF POINTS AND AUTHORITIES**

A. **Background**

On July 6, 2012, ADOSH Director Darin Perkins received a subpoena issued by this Court compelling his attendance at trial in this matter. Upon information and belief, the reason for the subpoena compelling Mr. Perkins' testimony relates to information provided by Mr. Perkins as a custodian of records for ADOSH pursuant to a Rule 30(b)(6), Federal Rules of Civil Procedure, deposition held on July 1, 2010. The Notice of Deposition issued by the Plaintiff in this matter included a section entitled "Matters Into Which Inquiries Will be Made" and included eleven paragraphs describing said matters. The matters included, but were not limited to:

1) any and all communications between ADOSH and the Maricopa County Attorney's Office, Maricopa County, Maricopa County Sheriff's Office ("MCSO") and various named individuals concerning or relating to the use of Self-Contained Breathing Apparatus ("SCBA") in any detention center or facility owned or operated by Maricopa County or the MCSO; 2) Policies and procedures for conducting a proper SCBA fit test; 3) Any and all local, state, and/or federal policies, statutes or regulations relating to the determination and/or approval by ADOSH of proper or approved SCBA to be worn or used by any employee working in a county owned or

operated detention center or facility; 4) applicable policies and procedures relating to any determination or discretion exercised or that has been exercised by ADOSH for granting an exemption or waiver of any applicable U.S. Department of Labor, Occupational Safety and Health Administration ("OSHA") regulation regarding use of SCBA by any individual working in a county owned or operated detention center or facility; and, 5) applicable policies, procedures and/or criteria used or relied on by ADOSH for determining when and under what circumstances any accommodation is appropriate for granting an exemption or waiver of any OSHA regulation relating to the use of SCBA in a county owned or operated detention facility.

Mr. Perkins appeared at the deposition pursuant to the subpoena issued along with the notice. No further depositions were taken of ADOSH employees related to this matter.

### B. Argument

Pursuant to Rule 45(d)(2), Federal Rules of Civil Procedure, ADOSH hereby asserts that the information sought by the Plaintiff in this matter is subject to the deliberative process privilege and the subpoena issued for Mr. Perkins should therefore be quashed and/or modified. A qualified deliberative process privilege exists in federal court. *See Arizona ex rel. Goddard v. Frito-Lay, Inc.,* 273 F.R.D. 545, 552 (D.Ariz.2011). The privilege exists to protect the disclosure of documents and testimony "that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *FTC v. Warner Commc'n Inc.,* 742 F.2d 1156, 1161 (9th. Cir. 1984). In determining whether a litigant's need for information held by the government outweighs the government's interest in protecting an agency's deliberations and how it makes decisions, courts examine four factors: "1) the relevance of the evidence; 2) the availability of other

evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id. (quoting Federal Trade Comm'n. v. Warner Commc'ns, Inc.,* 742 F.2d 1156, 1161 (9th Cir. 1984)).   ADOSH asserts that an examination of the above factors weigh in favor of quashing the subpoena.

First, in attempting to determine the relevance of the evidence, this proves difficult because it is unknown exactly what will be asked of Mr. Perkins at trial.  As stated above, the matters listed above provide some guidance but they are quite broad and the desired information certainly seems to include how and why ADOSH made certain decisions regarding SCBA fit testing and how said fit testing related to certain Maricopa County employees.  If it has been alleged that Maricopa County relied on the actions of ADOSH as it relates to SCBA fit testing then it appears that such evidence would likely be relevant in this matter.  However, the second factor, the availability of other evidence, weighs in favor of non-disclosure by ADOSH.  This is so because Maricopa County presumably has access to any documents issued by ADOSH to the county in this matter, as well as access to expert witnesses who specialize in workplace safety and OSHA regulations.  The same holds true for the Plaintiff, insofar as access to expert witnesses.  As to the actual fit tests that were performed by ADOSH, Mr. Perkins did not conduct the tests and hence has no personal knowledge regarding them.

Third, the government's role in the litigation, ADOSH's role in the litigation was, and is, minimal.  Upon information and belief, ADOSH's role was limited to the issuance of three letters over a three year period and two SCBA fit tests that were performed on county employees.  ADOSH is not a party to this litigation and the extent of discovery related to

ADOSH consists of the production of several records and the deposition of Mr. Perkins as a custodian of records.

Fourth, hindering frank discussion by the agency, it is clear that Mr. Perkins' testimony at trial regarding ADOSH's decision making processes as they relate to the interpretation and enforcement of SCBA regulations would hinder frank and independent discussion by the agency in making policy decisions and recommendations. If agency directors are compelled by private litigants to disclose their deliberative thought processes regarding how and why decisions are made, then the likely effect will be to chill the speech of directors and personnel alike, along with deleterious effects on the agency's functioning as a whole.

As the documents produced by ADOSH in this matter are already presumably part of the trial record in this matter, it would appear that the only reason Mr. Perkins is being compelled to testify is to answer questions regarding how and why certain decisions and policies came to be. Additionally, to the extent that Mr. Perkins' deliberative thought processes are not being sought, it would appear that his opinions are being sought as an expert in the area of workplace safety and OSHA regulations. ADOSH objects to any line of questioning in which the opinions of Mr. Perkins are sought as such questions call for disclosing the opinions of an unretained expert in violation of Rule 45(c)(B)(ii), Federal Rules of Civil Procedure. As stated above, the parties in this matter have, or certainly have the right, to retain their own expert witnesses.

C.  **Conclusion and Prayer for Relief**

Based on the foregoing, ADOSH respectfully requests that the subpoena issued for Mr. Perkins be quashed based on the deliberative process privilege and rule relating to unretained expert testimony. To the extent that Mr. Perkins is sought to testify as a fact witness, it is

requested that the subpoena be modified to limit his testimony solely to facts of which he has personal knowledge.   Attached hereto is a proposed form of Order as Exhibit 1.

RESPECTFULLY SUBMITTED this 20th day of July, 2012.

        ARIZONA DEPARTMENT OF
        OCCUPATIONAL SAFETY & HEALTH


        By: /s/ Stephen D. Ball
           Stephen D. Ball
           800 West Washington Street, #303
           Phoenix, Arizona 85007
           (602) 542-5781

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

Susan Martin
Daniel Bonnett
Jennifer Kroll
Mark A. Bracken
MARTIN & BONNETT, P.L.L.C.
1850 N. Central Ave., Ste. 2010
Phoenix, AZ 85004

Daniel J. Pochoda
Kelly J. Flood
James Duff Lyall
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014

Erin E. Byrnes
BERKE LAW FIRM, PLLC
1601 North 7th Street, Suite 360
Phoenix, AZ 85006

1. Lisa S. Wahlin
2. GRAIF, BARRETT & MATURA, P.C.
   1850 North Central Avenue, Suite 500
3. Phoenix, AZ 85004
4. 
5. /s/ Stephen D. Ball

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sinan Fazlovic,<br><br>              Plaintiff,<br><br>vs.<br><br><br>Maricopa County, a political subdivision; Maricopa County Sheriff's Office; Joseph Arpaio, individually and in his official capacity as Sheriff of Maricopa County and Jane Doe Arpaio, husband and wife; David Hendershott, individually and in his official capacity and Jane Doe Hendershott, husband and wife; Scott Freeman, individually and in his official capacity and Jane Doe Freeman, husband and wife; Tiffani Shaw, individually and in her official capacity and John Doe Shaw, husband and wife; Timothy Overton, individually and in his official capacity and Jane Doe Overton, as husband and wife; Mary Ellen Sheppard, individually and in her official capacity, and John Doe Sheppard, husband and wife;<br><br>              Defendants. | No. CIV-09-1151-PHX-DKD<br><br><br>**ORDER** |

Based upon the motion filed by Arizona Department of Occupational Safety and Health, and good cause shown:

IT IS HEREBY ORDERED that the trial subpoena issued to Darin Perkins is quashed.

DATED this _____ day of _____, 2012.